**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RONALD BEVERLY,

      Plaintiff,

vs.                             Case No.  3:22-cv-16-MMH-LLL

SUNBELT RENTALS, INC.,

      Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 11; Motion) filed on February 22, 2022. Defendant Sunbelt Rentals, Inc. (Sunbelt) filed a response in opposition to the Motion on March 1, 2022.  <u>See</u> Defendant's Response in Opposition to Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 14; Response). Accordingly, the matter is ripe for resolution.

### I.    Background

Plaintiff Ronald Beverly initiated this action on December 9, 2021, by filing suit against Sunbelt in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.  <u>See</u> Complaint (Doc. 4). In the Complaint Beverly alleges that on or around June 9, 2020, he was returning a heavy piece of equipment to Sunbelt's equipment rental business.  <u>Id.</u> at ¶¶ 3-4.  When he

arrived, a Sunbelt employee insisted that they unload the equipment together without any special tools or machinery. Id. at ¶¶ 4-5. According to Beverly, as the two attempted to unload the equipment, the employee's negligence caused it to "suddenly and forcefully sever[] Plaintiff's right ring finger." Id. at ¶¶ 7 - 10. Beverly seeks to recover damages from Sunbelt as a result. Id. at ¶ 10(2).[1] Beverly served Sunbelt with the Complaint on December 22, 2022. See Notice of Removal (Doc. 1) at 1. Within thirty days of service, on January 6, 2022, Sunbelt removed the action to this Court. See generally id. In doing so, Sunbelt invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332. See id. at 1.

In the instant Motion, Beverly argues that Sunbelt has not met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. Motion at 1. Beverly contends that Sunbelt's reliance on the allegations in the Complaint in support of removal "is purely speculative in nature, and does not meet the burden of proof required of the Defendant." Id. at 3. Additionally, Beverly asserts that the demand letter, attached as Exhibit A to his Motion and dated January 17, 2022, in which Beverly seeks to resolve this claim for $75,000, affirmatively "establishes that the amount in controversy does not exceed $75,000.00." See id., Exhibit A: Demand Letter (Doc. 11 at 5-6). In Response to the Motion,

---

[1]  In the Complaint, counsel for Beverly inadvertently includes two paragraphs labeled with the number 10. The Court refers to the second paragraph labeled 10 as 10(2).

2

Sunbelt maintains that the amount in controversy "more likely than not" exceeds $75,000 and points to additional allegations in the Complaint as well as photos of Beverly's severed finger and a survey of Florida jury verdicts. Response at 3-4, Exhibit A: Photographs of Injury (Doc 14-1) & Exhibit B: Jury Verdict Analysis – Finger Amputation (Doc. 14-2; Verdict Report).

## II.    Standard

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)."  See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1060 (11th Cir. 2010).  The removing party bears the burden of demonstrating that federal jurisdiction exists.  Kirkland v. Midland Mtg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).[2]   Where, as here, the Sunbelt relies on diversity jurisdiction under § 1332(a) as the basis for removal, it must show both that the parties to the action are of diverse citizenship and that the amount in controversy exceeds $75,000.00.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  In this case, Beverly does not dispute that the parties are

---

[2]     Although Pretka involved removal under the Class Action Fairness Act of 2005 (CAFA), it interpreted and applied the general removal procedures; indeed, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted).  Thus, the Court finds Pretka's analysis applicable to the case at bar.  See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011); Roe, 613 F.3d at 1061-62.

of diverse citizenship.[3]  <u>See</u> Motion at 1.  Therefore, the only jurisdictional question before the Court concerns whether the amount in controversy requirement has been satisfied.  <u>Williams</u>, 269 F.3d at 1319.

"Where the plaintiff has not plead[ed] a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied."  <u>Kirkland</u>, 243 F.3d at 1281 n.5; <u>see</u> <u>also</u> <u>Pretka</u>, 608 F.3d at 752 (quoting <u>Williams</u>, 269 F.3d at 1319); <u>Roe</u>, 613 F.3d at 1061.  "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper."  <u>Roe</u>, 613 F.3d at 1061.  However, in other cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'"  <u>Id.</u> (quoting <u>Pretka</u>, 608 F.3d at 754).  In determining whether the amount in controversy requirement is met, the Court "focuses on how much is in controversy at the time of removal, not later."  <u>Pretka</u>, 608 F.3d at 751 (citations omitted); <u>see also</u> <u>Poore v. Am.-Amicable Life Ins. Co.</u>, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (holding that "the district court must determine whether it had subject matter jurisdiction at the time of removal"), <u>overruled on</u>

---

[3]      Beverly is a citizen of the state of Florida and Sunbelt is a North Carolina corporation with its principal place of business in South Carolina.  <u>See</u> Defendant's Supplement to Notice of Removal (Doc. 6) at 3.

other grounds by Alvarez v. Uniroyal Tire Co, 508 F.3d 639, 640-41 (11th Cir. 2007); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 946 (11th Cir. 2000).

A court may not speculate or guess as to the amount in controversy.  See Pretka, 608 F.3d at 752.  However, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable."  Roe, 613 F.3d at 1061-62 (quoting Pretka, 608 F.3d at 754).  Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  Id. at 1062.  Moreover, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Pretka, 608 F.3d at 754.  All that is required is that a removing defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement.  See id. at 752.  However, in considering the propriety of a removal, federal courts consistently caution that removal statutes must be strictly construed, and all doubts resolved in favor of remand.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); see also Shamrock  Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own

jurisdiction to the precise limits which the statute has defined.") (internal citations omitted).   Nonetheless, when it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff.  <u>See</u> <u>Roe</u>, 613 F.3d at 1064.  To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for "employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant."  <u>See</u> <u>id.</u>

## III.   Discussion

As a preliminary matter, the Court notes that Beverly's demand letter to Sunbelt for $75,000 was sent more than a week after Sunbelt filed its Notice of Removal with this Court.   Because the Court "focuses on how much is in controversy at the time of removal, not later," the Court declines to consider the demand in its analysis here.  <u>Pretka</u>, 608 F.3d at 751 (citations omitted); <u>see</u> <u>also</u> <u>Poore</u>, 218 F.3d at 1290-91.   The Court instead turns to Beverly's argument that reliance on the allegations in the Complaint alone, to determine whether the jurisdictional threshold is satisfied, would require the Court to impermissibly speculate as to the amount in controversy.  <u>See</u> Motion at 3.

A removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions,

reasonable inferences, or other reasonable extrapolations." <u>Pretka</u>, 608 F.3d at 754 (emphasis added).  In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." <u>Id.</u>  In the Complaint, Beverly alleges the following regarding damages:

> As a result of the aforementioned employee's negligence, Plaintiff suffered permanent physical injury and resulting pain and suffering, disability, scarring, disfigurement, mental pain and suffering, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

Complaint at ¶ 10(2).  In the Notice of Removal, Sunbelt merely points to these allegations as evidence that the instant claim satisfies the amount in controversy requirement.  <u>See</u> Notice at 2.  In the Response, Sunbelt additionally cites to the allegations that Beverly was "unloading a piece of heavy machinery," that the machinery "suddenly and forcefully severe[d] Plaintiff's right ring finger," and attaches photographs of the injury.  Response at 3, Ex. A.  However, taken together, on this record Sunbelt still fails to present a "plausible allegation" of the amount in controversy.  Sunbelt's recitation of the generic, vague, and categorical allegations of the Complaint, combined with the description that the equipment "forcefully severed" Beverly's finger, do not provide the Court with any specific, factual information by which to determine

whether the damages Beverly seeks plausibly exceed the jurisdictional threshold. Two photographs verifying the injury described in these allegations similarly do not demonstrate that the amount in controversy exceeds $75,000. Indeed, based on the allegations in the Complaint and the attached photographs, the Court can do no more than speculate regarding the amount in controversy. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Pretka, 608 F.3d at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)).

In an apparent effort to provide the Court with a specific allegation regarding the amount in controversy, Sunbelt contends that "the average case value [in finger amputation cases] is $480,364.57." Response, Ex. B at 2. Sunbelt relies on a "published survey," without identifying the publishing source, in which the authors used a "100-case sample of finger amputation cases chosen from jury verdict research across the State of Florida." Id. Notably, case values ranged anywhere from $0 to $11,153,857. Id. Sunbelt does not attempt to compare any factual allegations from the cases in the survey to the instant case to demonstrate that the verdicts in those cases are instructive to the amount in controversy here. Instead, Sunbelt merely states,

> [w]hile SUNBELT is cognizant that this Court is unable to ascertain how factually similar the cases referred to in Exhibit "B" are to the instant case, it respectfully submits that the attached verdict and settlement information has some relevance to the present amount in controversy inquiry militates towards a finding that the amount in controversy here exceeds $75,000.

Response at 4. This effort falls far short of satisfying Sunbelt's burden of establishing that the amount in controversy in this particular case plausibly exceeds $75,000. Indeed, while the survey may well represent the amount Sunbelt believes the average jury may award Beverly, it tells the Court nothing about the amount <u>Beverly</u> has put in controversy in this action. <u>See</u> <u>Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.</u>, 120 F.3d 216, 219 (11th Cir. 1997) (The Eleventh Circuit "has adopted the plaintiff-viewpoint rule" in determining the amount in controversy.). Sunbelt has failed to provide any information about Beverly's valuation of this case that might support a finding that, in his view, the value of Beverly's claim exceeds $75,000.

In light of the foregoing, the Court finds that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

Accordingly, it is hereby

**ORDERED**:

1.  Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 11) is **GRANTED**.

2.      This case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida for further proceedings.[4]

3.      The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

4.      The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

    **DONE AND ORDERED** in Jacksonville, Florida, this 14th day of March, 2022.


MARCIA MORALES HOWARD
United States District Judge


ja/lc28

Copies to:

Counsel of Record

Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida

---

[4]      In state court, Sunbelt can engage in discovery in accordance with the Florida Rules of Civil Procedure.  If, through such discovery, Sunbelt ascertains that the case is one which is or has become removable, Sunbelt may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

10